IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-04065-01-CR-C-SRB |
| ) | |
| TYRONE FRED TRENT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Tyrone Fred Trent's Motion for Release from Detention. (Doc. #58.) Defendant Trent asks the Court, in light of changed circumstances, to reconsider the necessity of his ongoing detention. For the reasons stated below, the motion is GRANTED.

### I. BACKGROUND

In 2018, Defendant Trent pled guilty to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4). The undersigned sentenced Defendant Trent to a one-month term of imprisonment, to be followed by a ten-year term of supervised release subject to various special conditions. Defendant Trent commenced his term of supervised release on August 10, 2018.

In May 2020, two of Defendant Trent's teenage daughters accused him of sexual and physical misconduct. At the time, Defendant Trent and his spouse were parenting three teenage daughters they adopted in 2012 after the biological mother of the teenagers permanently yielded her parental rights to the girls. United States Marshals subsequently arrested Defendant Trent for suspected violations of the conditions of his supervised release, namely the alleged sexual assault of his two daughters. Shortly after his arrest, Defendant Trent appeared before Magistrate Judge Willie J. Epps for his initial appearance. Judge Epps found probable cause to believe Defendant

Trent had violated the conditions of his supervised release, and he ordered for Defendant Trent to be detained in federal custody pending his final revocation proceedings.

The Circuit Court of Pettis County, Missouri, subsequently charged Defendant Trent with multiple counts of child molestation in the second degree. Defendant Trent was transferred into state custody and his supervised release proceedings were placed on hold pending the outcome of his state-court criminal trial. Following a jury trial on March 23, 2021, a jury returned a verdict of not guilty on all counts. After his acquittal, Defendant Trent was transferred back into federal custody to await the Court's determination on whether revocation proceedings would continue.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), whether a defendant should be detained or released pending his final revocation hearing is governed by 18 U.S.C. § 3143(a). Rule 32.1(a)(6) and § 3143(a) create a presumption in favor of detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a); *see* Fed. R. Crim. P. 32.1(a)(6) ("The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.").

## III. DISCUSSION

Defendant Trent asks the Court to release him from federal custody until the supervised release matter can be properly and fully litigated in court. Defendant Trent further states that he would be willing to comply with any additional conditions the Court wishes to institute to ensure he does not come into contact with his two teenage daughters. The Government, in opposing the motion, argues Defendant Trent remains a danger to the community and to his teenage daughters.

After careful consideration of the record in this case, the Court finds that Defendant Trent satisfies his burden under § 3143(a) and demonstrates that his continued physical detention is not necessary at this time. The Court acknowledges the very serious nature of the allegations against Defendant Trent. However, the Court finds the changed circumstances since his initial detention permit his release, subject to additional conditions set forth below. In particular, the Court notes that a jury acquitted Defendant Trent on all counts in his criminal state-court proceedings. This development, combined with Defendant Trent's representation that he will reside separately from his adopted teenage daughters and have no contact with them for the pendency of his supervised release proceedings, sufficiently assures the Court that his release will not endanger others. Moreover, prior to the incident giving rise to the instant revocation proceeding in this case, Defendant Trent was largely compliant with the terms of his supervised release. The Court finds the addition of several conditions, as detailed below, will reasonably ensure that Defendant Trent will appear as required and not endanger the safety of his adopted teenage daughters.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant Trent's Motion for Release from Detention (Doc. #58) is **GRANTED**. Defendant Trent shall be released on the following combination of lesser conditions of restraint until the supervised release matter in this case can be fully resolved.

It is **FURTHER ORDERED** that in addition to the current conditions of his supervised release, Defendant Trent shall be subject to the added conditions set forth below:

*Location Monitoring:* The defendant shall be monitored by the form of location monitoring upon his release from detention until the date of his supervised release revocation hearing.
- Technology: Appropriate location monitoring technology is left to the discretion of the probation officer.
- Additional Restrictions: The location monitoring technology selected by the probation officer shall be utilized to monitor the following restriction on the

defendant's movement in the community as well as other court-imposed conditions of release:
    - Defendant Trent is prohibited from residing with, or having any unsupervised contact with, his two adopted teenage daughters, A.T. and V.T.
- Costs: The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the Court and/or the probation officer.

*Additional Personal Association Restrictions:* Defendant Trent is prohibited from engaging in any unsupervised contact with his adopted teenage daughters, A.T. and V.T., during the pendency of his supervised release proceedings. Additionally, Defendant Trent is prohibited from residing with A.T. and V.T. until further directed by this Court.

Should Defendant Trent fail to adhere to any of the conditions set forth above or in his existing term of supervised release, the Court may impose additional or different conditions of release.

Lastly, the parties are **FURTHER ORDERED** to file a status report within forty-five (45) days regarding when a final revocation hearing in this case may be set.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: June 28, 2021